**James R. BASTIAN, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY and the Travelers Indemnity Company of Rhode Island, Defendants.**

**Civ. A. No. 4–91–844–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 27, 1992.

Hartson Dustin Fillmore, III, Law Offices of H. Dustin Fillmore, Ft. Worth, Tex., for plaintiff.

Don Bradley Kizzia, Strasburger & Price, Dallas, Tex., for defendants.

MEMORANDUM OPINION
AND ORDER

McBRYDE, District Judge.

Before the court for a decision is the motion of plaintiff, James R. Bastian, for

remand. The court has determined that the motion should be denied.

## I.

### Nature of the Action

Plaintiff instituted his action in a state court of Texas by a pleading in which he alleges causes of action based on (a) negligence of defendants, The Travelers Insurance Company and The Travelers Indemnity Company of Rhode Island, in the handling of a workers' compensation claim he had made because of an on-the-job injury, (b) a breach by defendants of their duty of good faith and fair dealing in the handling of his claim, and (c) violation by defendants of Tex.Ins.Code art. 21.21, § 16 because of defendants' conduct in handling the claim. He alleges that defendants are health, disability, workers' compensation and accident insurance corporations; that on or about November 7, 1988, and again on or about December 15, 1988, he was injured while in the course of his employment as an employee of Centex Real Estate Corporation/Fox & Jacobs; that he made a claim for workers' compensation benefits pursuant to Texas law; that for a period of time he received weekly workers' compensation benefits; that in December 1989 defendants suspended his benefits and, at the same time, filed a form with the Texas Industrial Accident Board by which they falsely accused him of being a fraudulent claimant; that, thereafter, defendants wrongfully failed and refused to pay him workers' compensation benefits to which he was entitled under "the policy of insurance and under the laws of the State of Texas" (presumably having reference to a policy of workers' compensation insurance issued by one or both defendants and the workers' compensation laws of Texas); that he was forced to file and prosecute a lawsuit in order to recover the workers' compensation benefits to which he was entitled; and that defendants' refusal to pay workers' compensation benefits to him was without any reasonable basis.

Actual damages sought by plaintiff are alleged by him to have been sustained by reason of mental anguish he suffered and expenses he incurred in obtaining the benefits to which he was entitled. In addition to asking for recovery of actual damages, plaintiff seeks recovery of punitive damages, alleging that the claims handling conduct of defendants amounted to gross negligence and/or malice. There is no allegation that workers' compensation benefits that were owed have not now been paid, nor is there any request for recovery of any benefits of a kind contemplated by the workers' compensation laws of Texas.

## II.

### Removal and Motion to Remand

Defendants removed the action to this court by a timely filed notice that alleged complete diversity of citizenship and an amount in controversy in excess of $50,000.

By order signed January 6, 1992, the court called the attention of the parties to *Watson v. Liberty Mut. Fire Ins. Co.,* 715 F.Supp. 797 (W.D.Tex.1989), and directed the parties to file briefs discussing the court's removal jurisdiction, or lack thereof, and citing relevant authorities in support of their respective positions. On January 10, 1992, plaintiff filed a motion for remand and supporting brief. The ground of the motion was 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." As decisional authority for his motion, plaintiff cited *Watson v. Liberty Mut. Fire Ins. Co.* and *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir.1991).

Defendants' brief came with its response to the motion to remand. The thrust of the response and brief is that § 1445(c) does not apply because plaintiff's "pending common law bad faith claim for damages is 'a separate and independent claim' from the prior claims for statutory workers' compensation benefits that were settled."[1]

---

1. Defendants' Response to Plaintiff's Motion to Remand and Brief Regarding Removal Jurisdic-   tion at 2.

The parties do not discuss plaintiff's negligence or article 21.21 claims in their respective presentations on propriety of removal. The court assumes, as the parties apparently do, that the same considerations that determine whether plaintiff's "breach of the duty of good faith and fair dealing" cause of action is a civil action "arising under the workmen's compensation laws" of Texas will apply as to the issues of whether the negligence or article 21.21 causes of action so arise.

## III.

### *Nature of the Texas Version of a Workers' Compensation Insurer's Duty of Good Faith and Fair Dealing*

The Texas version of an insurer's duty of good faith and fair dealing came into being via *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). The Texas Supreme Court opined that "[i]n the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining or settlement or resolution of claims." 725 S.W.2d at 167. Defining the new cause of action, the Court said:

> A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.

*Id.* As defined in *Arnold,* the cause of action sounds in tort, with the consequence that "exemplary damages and mental anguish damages are recoverable for a breach of the duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions." *Id.* at 168. Emphasizing the separateness of the tort action from an action based on the insurance contract, the Court held "that the statute of limitations does

not begin to run on a good faith and fair dealing claim until the underlying insurance contract claims are finally resolved." *Id.*

The newly found common law duty was put in a workers' compensation context for the first time in Texas in *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988). In *Aranda,* the Texas Supreme Court reminded that "[t]his duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer" and that:

> [t]he duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of claims.

748 S.W.2d at 212. The Court pointed out that the Texas Workers' Compensation Act "sets forth a compensation scheme that is based on a three-party agreement entered into by the employer, the employee, and the compensation carrier." *Id.* From that premise, the Court reasoned:

> As between the compensation carrier and the employee, there is a promise for a promise: the carrier agrees to compensate the employee for injuries sustained in the course of employment, and the employee agrees to relinquish his common law rights against his employer. *Southern Casualty Co. [v. Morgan],* 12 S.W.2d [200] at 201 [ (Tex.Comm'n App. 1929) ]. The employee is thus a party to the contract and therefore entitled to recover in that capacity.
>
> The contract between a compensation carrier and an employee creates the same type of special relationship that arises under other insurance contracts.

*Id.*

The elements of the cause of action recognized in *Aranda* were defined as follows:

> A workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a

claim must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim....

*Id.* at 213.

In *Aranda,* the Court again emphasized the separateness of the common law cause of action from the cause of action based on the insurance contract. After first noting the exclusivity of the provisions of the Workers' Compensation Act as to an on-the-job injury of a kind contemplated by the Act, the Court pointed out that the Act was not intended to shield compensation insurers from the entire field of tort law. The Court then explained the difference between a claim under the Act and a claim based on breach of the common law duty, saying:

> Liability as a result of a carrier's breach of the duty of good faith and fair dealing or intentional misconduct in the processing of a compensation claim is distinct from the liability for the injury arising in the course of employment. Injury from the carrier's conduct arises out of the contractual relationship between the carrier and the employee and is sustained after the job-related injury. [*Travelers Ins. Co. v.*] *Savio,* 706 P.2d [1258] at 1265 [ (Colo.1985) ]. This court has recognized that an employee may have one claim against his employer under the Act and another claim at common law for an intentional tort. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 933 (Tex.1983), *rev'g* 635 S.W.2d 596 (Tex. App.—Houston [14th Dist.] 1982).

Accordingly, we hold that the exclusivity provision of the Workers' Compensation Act does not bar a claim against a carrier for breach of the duty of good faith and fair dealing or intentional misconduct in the processing of a compensation claim. *A claimant is permitted to recover when he shows that the carrier's breach of the duty of good faith and fair dealing or the carrier's intentional act is separate from the compen-sation claim and produced an independent injury.* (cite omitted).

*Id.* at 214 (emphasis added).

Thus, once the workers' compensation claim has been resolved, as plaintiff's has been, the Act no longer is implicated, and the sole cause of action is the alleged independent tort of breach of the duty of good faith and fair dealing growing out of the contractual relationship between the insurer and the employee. The tort cause of action relates to the on-the-job injury claim that arose under the workers' compensation laws. But that does not provide the needed answer—the issue to be resolved is whether the separate tort claim is one "arising under", not merely related to, the workers' compensation laws of Texas.

Emphasis was given to the independence of the tort action from the breach of contract action by *Viles v. Security Nat'l Ins. Co.* in which the Texas Supreme Court held that the tort of breach of the duty of good faith and fair dealing can exist even if the insurer does not have an obligation to pay the underlying claim because of breach of the insurance contract by the insured. 788 S.W.2d 566 (Tex.1990). In *Viles,* the court reiterated a principle stated in *Arnold v. National County Fire Ins. Co.* that the duty arises not from the terms of the insurance contract, but from an obligation imposed in law as a result of a special relationship between the parties governed or created by a contract, and then held:

> For this reason, we hold that a breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract....

*Id.* at 567.

### IV.

#### The Retaliatory Discharge Cases are Not Persuasive

Plaintiff relies on *Jones v. Roadway Express, Inc.,* 931 F.2d 1086 (5th Cir.1991), a retaliatory discharge suit brought under Texas law, in support of his "arising under" contention, urging that "[t]he rationale advanced by the Fifth Circuit for remanding the case to the state court sup-

ports the remand of 'bad faith' lawsuits as well as retaliatory discharge lawsuits."[2] Plaintiff overlooks that the retaliatory discharge action with which the Fifth Circuit dealt in *Jones* was·based on a statutory provision that has been an integral part of the workers' compensation laws of Texas. *See* Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon pam. 1992). In the course of concluding that an article 8307c cause of action is one "arising under" the workers' compensation laws of Texas, the Fifth Circuit noted that 28 U.S.C. § 1445(c) should be read broadly to further the intent of Congress that all cases arising under a state workers' compensation scheme remain in state court. *Jones*, 931 F.2d at 1092. The Fifth Circuit applied the same "arising under" definition it previously had declared in analyzing the statute that grants federal question jurisdiction, 28 U.S.C. § 1331, that "[a] suit arises under the law that creates the cause of action." *Id.* As summed up by the Fifth Circuit, its reason for concluding that an article 8307c cause of action is one "arising under" was:

> In short, were it not for the workers' compensation laws, article 8307c would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests....

*Id.* at 1092.

This reasoning would not seem to apply to a judicially created cause of action such as the common law action for breach of duty of good faith and fair dealing. *See Id.* at 1091 n. 3.

### V.

*The Decisions that have Dealt Specifically with Bad Faith Causes of Action in a Removal Context*

The earliest reported decision the court has found on this subject is *Powers v. Travelers Ins. Co.*, 664 F.Supp. 252 (S.D.Miss.1987). In that case the bad faith claim was brought by the injured employee in state court before his underlying workers' compensation claim had been established by an administrative adjudication. The underlying claim was pending before the Mississippi Workers' Compensation Commission. Travelers removed the bad faith action to federal court under diversity jurisdiction. Powers, the injured employee, urged that the case must be remanded to state court by reason of 28 U.S.C. § 1445(c). In the course of declining to remand, the court reasoned:

> The Mississippi Supreme Court, however, recognized bad-faith actions against workers' compensation insurers specifically to address a civil wrong "not compensable under our Workers' Compensation Act...." [*Southern Farm Casualty Co. v.*] *Holland*, 469 So.2d [55] at 59 [ (Miss.1984) ]. Since the action does not arise under the Workers' Compensation Law, Section 1445(c) does not bar removal. *See, e.g., Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052, 1054 (N.D.Ill.1986) (removal proper because action for retaliatory discharge derived from common law not from compensation statute).

*Id.* at 254. This same reasoning would seem to apply to the instant case.

On the other hand, in *Watson v. Liberty Mutual Fire Ins. Co.* the district court, in a case in which both the workers' compensation claim and the bad faith claim were asserted, expressed the opinion that "[b]oth classes of claims arise under the workers' compensation laws of the State of Texas for purposes of the removal statute, 28 U.S.C. § 1445(c)." 715 F.Supp. 797, 798 (W.D.Tex.1989). However, there was no need for the court to decide whether the bad faith cause of action was one arising under the workers' compensation laws of Texas because the existence in the suit of the workers' compensation claim required remand without regard to a characterization of the bad faith cause of action. *See Allsup v. Liberty Mutual Ins. Co.*, 782 F.Supp. 325, 327 (N.D.Tex.1991). *Watson* does not persuade this court that the bad faith cause of action, when sued upon alone, requires a remand.

The only other reported decision the court has found on this subject is *Allsup v. Liberty Mutual Ins. Co.* As was true in *Watson, Allsup* was an action in which the

**2.** Plaintiff's Motion for Remand and Brief Regarding Removal Jurisdiction at 4.

claim for workers' compensation benefits and the claim for breach of the duty of good faith were both asserted, and the entire action had been removed from state court to federal court. While Chief Judge Sanders expressed agreement with the proposition that a bad faith claim in a workers' compensation context "arises under" the workers' compensation laws of Texas, *id.* at 327, he was careful to note that his expressions on that subject were intended to be tentative only by saying in footnote 5 that "[b]ecause it is not confronted with the issue, the Court offers no opinion as to whether removal of the bad faith claim alone would be proper."

## VI.

### *Section 1445(c)'s Analogues Suggest that the Bad Faith Action is Not One "Arising Under"*

As we have seen, the Fifth Circuit's definition of "arising under", as the term is used in the statute governing federal question jurisdiction, 28 U.S.C. § 1331, is that "[a] suit arises under the law that creates the cause of action." *Jones v. Roadway Express, Inc.*, 931 F.2d at 1092. When that definition is applied to the problem at hand, the conclusion that seems to be compelled by the nature of a bad faith claim is that a suit asserting such a claim does not arise under the workers' compensation laws of Texas but, instead, arises under Texas common law, as it was articulated by the Texas Supreme Court in *Arnold, Aranda* and the like. The Texas Supreme Court would have difficulty making clearer that the duty of good faith and fair dealing is entirely separate and independent of the workers' compensation laws of Texas and that the duty does not arise out of, from or under the workers' compensation laws.

When reference is made to another analogue, 28 U.S.C. § 1334(b), for guidance, a similar conclusion is reached. Section 1334(b) uses the phrase "civil proceedings arising under title 11." The Fifth Circuit has explained that:

Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11....

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987). Quite clearly, the cause of action for breach of the duty of good faith and fair dealing was not created or determined by a provision of the workers' compensation laws of Texas. Indeed, in *Aranda*, the Texas Supreme Court emphasized that a "claimant is permitted to recover when he shows that the carriers' breach of duty of good faith and fair dealing ... *is separate from the compensation claim and produced an independent injury.*" *Aranda*, 748 S.W.2d at 214 (emphasis added).

## VII.

### *Conclusion*

Having decided that the claims asserted by plaintiff do not arise under the workers' compensation laws of Texas, the court is denying the motion to remand.

## VIII.

### ORDER

The court, therefore, ORDERS that plaintiff's motion to remand be, and is hereby, denied.