Dorothy C. (Christine) **ALMANZA**,
Plaintiff,

v.

**TRANSCONTINENTAL INSURANCE CO.,** Defendant.

Civ. A. No. 3:92–CV–1619–H

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 2, 1992.

---

Gwen David Westfall, Dallas, Tex., for plaintiff.

Stephen A. Grimmer, Cantey & Hanger, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Defendant Transcontinental Insurance Co.'s ("Transcontinental") Motion to Reconsider Remand, filed September 14, 1992.

### I. Background

This case began on August 23, 1991, when Transcontinental sued Dorothy C. Almanza in Texas state court, seeking to set aside an award of the Texas Industrial Accident Board in Almanza's favor. Almanza counterclaimed for benefits under the Texas Workers' Compensation Act. The parties were then automatically realigned.

On July 23, 1992, Almanza filed her Amended Original Petition. In that pleading, Almanza dropped her claim for benefits under the Workers' Compensation Act because that claim had been settled. She asserted only that Transcontinental breached its duty of good faith and fair dealing by refusing to pay Almanza's valid workers' compensation claim. Transcontinental then removed this case to this Court on August 11, 1992.

This Court *sua sponte* remanded this case to state court on August 20, 1992, holding that 28 U.S.C. § 1445(c) prohibits removal of suits which involve only a breach of the duty of good faith and fair dealing in payments of workers' compensation benefits. Specifically, this court concluded that an alleged breach of a workers' compensation insurer's duty of good faith and fair dealing "arises under" the Texas

Workers' Compensation Act within the meaning of § 1445(c) and, hence, may not be removed to federal court.

Transcontinental now moves this Court to reconsider its order remanding the case. Transcontinental notes that Judge McBryde recently allowed removal of a similar claim, holding that an employee's claim against a workers' compensation carrier based on the insurance company's alleged breach of its duty of good faith and fair dealing did *not* "arise under" the Texas Workers' Compensation Act. *See Bastian v. Travelers Ins. Co.,* 784 F.Supp. 1253 (N.D.Tex.1992).

### II. Analysis

Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." This provision reflects Congress' intent to keep workers' compensation claims in state court. *See Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091 (5th Cir.1991). Accordingly, courts in this jurisdiction have long been "reluctant 'to strain to find a way to entertain workmen's compensation suits.' " *Id.* (quoting *Kay v. Home Indemnity Co.,* 337 F.2d 898, 901 (5th Cir.1964)). Noting that federal law governs the construction of removal statutes, the *Jones* court held that courts "should read section 1445(c) broadly" to further Congress's intent to restrict removal. Thus, the Fifth Circuit has held that a suit brought under the state statute which prohibits retaliatory discharges in anticipation of an employee's filing a claim for workers' compensation benefits [1] arises under the Texas workers' compensation laws within the meaning of § 1445(c). *See id.* at 1092. The question in this case, however, is whether Almanza's bad faith claim alone arises under Texas' workers' compensation laws.

### A. Workers' Compensation Claims v. Bad Faith Claims

In *Bastian,* Judge McBryde found significance in the language of several state

---

**1.** *See* Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon pam. 1992) (prohibiting retaliatory discharges

in anticipation of an employee's filing of a workers' compensation claim).

court opinions indicating that good faith claims are distinct from "pure" insurance benefits claims. The *Bastian* court noted that the Texas Supreme Court first articulated an insurer's duty of good faith and fair dealing in *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). The *Arnold* court indicated that claims for a breach of an insurer's duty of good faith and fair dealing are tort actions and, therefore, permit plaintiffs to recover punitive and other types of damages available to tort plaintiffs. *Id.* at 168. From this construction of the rights of insureds against insurance companies, the *Bastian* court concluded that a contract action for a failure to pay insurance benefits is essentially separate from a tort action to recover for a breach of an insurer's duty of good faith and fair dealing.

The *Bastian* court noted that the Texas Supreme Court has applied this understanding to the workers' compensation context. In *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988), the Texas Supreme Court described the Texas Workers' Compensation Act as a contract arrangement, stating that the workers' compensation act "sets forth a compensation scheme that is based on a three-party agreement entered into by the employer, the employee, and the compensation carrier." *Id.* at 212. In contrast, the *Bastian* court noted, is the common law tort character of a breach of the duty of good faith and fair dealing by a workers' compensation insurance carrier. The *Aranda* court outlined the elements of this tort claim:

> [a] workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

*Id.* at 213 (emphasis in original). The Texas Supreme Court has observed that the Workers' Compensation Act was not in-tended to shield workers' compensation insurers from the entire field of tort law. *Id.* at 214. Indeed, the *Aranda* court explicitly held that a plaintiff may recover for an insurers' breach of its duty of good faith and fair dealing when that plaintiff shows that the carrier's breach of its duty "is separate from the [workers'] compensation claim and produced an independent injury." *Id.*

Similarly, in the homeowners insurance policy context, the Texas Supreme Court has noted that a tort action for a breach of the duty of good faith and fair dealing can exist even if the insurer does not have an obligation to pay the underlying claim because the insured breached the insurance contract. *See Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566 (Tex.1990). In *Viles,* the Court held that the plaintiffs could maintain a suit which alleged that their insurer breached its duty of good faith even though the plaintiffs failed to file a proof of loss form within the time period required by the policy. In sum, Judge McBryde employed these state court rulings to emphasize the "separateness of the common law cause of action from the cause of action based on the insurance contract." *Bastian* 784 F.Supp. at 1256.

However, the Texas Supreme Court's definition of breach of the duty of good faith by an insurer as a separate claim, capable of supporting a suit independent of a breach of contract action does not determine whether federal law deems that a tort suit "arises under" a state regulatory scheme. The Fifth Circuit has clearly held that *federal* law governs the construction of the term "arising under" in § 1445(c). *See Jones,* 931 F.2d at 1092. Thus, to determine whether a claim "arises under" the Texas workers' compensation laws, it is necessary to turn to the federal courts' definition of "arising under" jurisdiction.

### B. *Federal "Arising Under" Jurisdiction*

■ 1. The *Bastian* court concluded that good faith claims do not "arise under" the workers' compensation laws because "the cause of action for breach of the duty

of good faith and fair dealing was not created or determined by a provision of the workers' compensation laws of Texas." *Bastian*, 784 F.Supp. at 1258. The *Bastian* court correctly turned to interpretations of "arising under" in the statute governing federal question jurisdiction, 28 U.S.C. § 1331, for guidance in its interpretation of "arising under" for the purposes of § 1445(c). Indeed, the Fifth Circuit seems to have mandated that these two sections define "arising under" similarly. *See Jones*, 931 F.2d at 1092 ("We do not see any reasons not to define 'arising under' in section 1445(c) as we have defined it in section 1331."). However, the *Bastian* court relied on the definition of "arising under" used in *Jones*, a definition that the Supreme Court has indicated is too restrictive for all purposes.

The *Jones* court stated that federal question jurisdiction is governed by the axiom that " '[a] suit arises under the law that creates the cause of action.' " *Jones*, 931 F.2d at 1092 (citations omitted). Justice Holmes first articulated this definition of federal question jurisdiction in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). While Justice Holmes' definition of federal question jurisdiction was sufficient for the *Jones* court to rule that an article 8307c claim arises under the workers' compensation laws and dispose of that case,[2] the *American Well Works* standard is clearly recognized to be a floor instead of a ceiling in the definition of federal question jurisdiction.[3] Thus, to properly analogize § 1445(c) "arising under" jurisdiction to § 1331 "arising under" jurisdiction, it is necessary to consider the Supreme Court's more recent discussions of federal question jurisdiction.

The Supreme Court has stated that under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that a federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). Despite this statement, commentators have noted that the Supreme Court has never articulated a clear test to determine when federal jurisdiction exists under § 1331.[4] *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), however, represents the Supreme Court's most recent attempt to reconcile two earlier conflicting interpretations of the scope of § 1331 jurisdiction, *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) and *Moore v. Chesapeake & Ohio Railway Co.*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934), and to establish a clear test of federal jurisdiction.

In *Merrell Dow*, the Supreme Court indicated that the strength and the nature of the federal interest at stake influences whether federal question jurisdiction exists. *See Merrell Dow*, 478 U.S. at 814 n. 12, 106 S.Ct. at 3235 n. 12.[5] In that case, the respondents filed suit in state court, bringing state law claims which alleged that a Merrell Dow drug had injured them. However, one count of the complaint alleged that the plaintiffs were injured by Merrell Dow's violation of the Federal

---

**2.** The *Jones* court reasoned that since article 8307 was incorporated into the same title of the Texas Revised Civil Statutes as the Texas Workers' Compensation Act, an article 8307c claim arises under the workers compensation laws.

**3.** *See T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827 (2d Cir.1964) (Friendly, J.), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) ("It has come to be realized that Mr. Justice Holmes' formula [a suit arises under the law that creates the cause of action] is more useful for inclusion than for the exclusion for which it was intended.").

**4.** *See* Erwin Chemerinsky, *Federal Jurisdiction* § 5.2 at 231 (1989).

**5.** This aspect of the *Merrell Dow* holding was sharply criticized by Justice Brennan in his dissent. The dissent noted that such a test for jurisdiction is "infinitely malleable" and vests district courts with great discretion to determine the nature of the federal interest at stake and, hence, the existence of jurisdiction. *See Merrell Dow*, 478 U.S. at 821 n. 1, 106 S.Ct. at 3239 n. 1 (Brennan, J., dissenting).

Food Drug and Cosmetic Act ("FDCA"). On this ground, Merrell Dow removed the case. In its evaluation of the federal interest at stake, the Supreme Court indicated that, to establish federal question jurisdiction, it was not enough for a federal law to be an essential component of a state law cause of action. *See id.* at 814, 106 S.Ct. at 3235. The Court reasoned that the FDCA claim could provide federal jurisdiction for a state cause of action only if the federal statute itself created a cause of action. Thus, the factor which determines whether federal question jurisdiction exists is whether Congress includes a private cause of action in its legislation. Congress did not create any such a cause of action in the FDCA; thus, the Court concluded that no federal jurisdiction existed. Synthesizing these cases, Professor Chemerinsky has articulated a useful shorthand for determining whether federal question jurisdiction exists:

> [A] case arises under federal law if it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or, if the cause of action is based on state law, a federal law that creates a cause of action is an essential component of the plaintiff's claim.

Erwin Chemerinsky, *Federal Jurisdiction* § 5.2 at 231, 237–41 (1989).

Applying these rules to the case at hand, one sees that resting solely upon Justice Holmes' *American Well Works* standard is incomplete. The proper question to address is whether the Texas workers' compensation laws form an "essential component" of Almanza's good faith and fair dealing claim and create a private cause of action. To properly answer this question, one must note that to make out a bad faith claim against an insurer, the first element to be established is that there is no reasonable basis for denying the claim for insurance compensation. *See Aranda*, 748 S.W.2d at 213. Implicit in this element of a bad faith claim is the fact that a plaintiff

who brings a bad faith claim must make out at least a prima facie case that the insurer is liable to the plaintiff for workers' compensation benefits. *See id.* Therefore, in this case, a showing that Almanza had a valid workers' compensation claim is the first element to be proved in the determination of her bad faith claim.

The Texas Supreme Court's decision in *Viles*, holding that a bad faith claim can arise separately from a breach of contract claim, does not detract from this conclusion. In this context, *Viles* is significant for what it did not hold. The Texas Supreme Court stated that a bad faith action can exist even if the insurer no longer has an obligation to pay the underlying claim because the insured has breached the insurance contract. The court did not relieve insureds of their burden of showing that the insurer did not have a reasonable basis for denying the claim. Implicit in this burden is the necessity of demonstrating that insureds had a policy that would have been valid. Indeed, the Supreme Court recognized this point when it noted that the failure to comply with a contractual condition would constitute evidence tending to show that the insurers had a reasonable basis to deny the claim.[6]

Since Almanza must demonstrate that she had a valid workers' compensation claim to prevail in her bad faith claim, the Texas Workers' Compensation Act forms an "essential component" of her bad faith claim. Moreover, in recognition of the requirements of *Merrell Dow*, the Texas Workers' Compensation Act creates a private cause of action to enforce its terms. If Almanza is unable to establish that she had a valid workers' compensation claim, she cannot prevail on her bad faith claim. Thus, her bad faith claim "arises under" the Texas Workers' Compensation Act for the purposes of § 1445(c).

2. In *Jones*, the Fifth Circuit held that a suit for retaliatory discharge in anticipation of an employee's filing a claim for workers' compensation benefits "arises under" the

---

6. The *Viles* court reversed the conclusion of the lower courts that there was a reasonable basis for denying the Viles' claim. The court of appeals held that since the insureds had not filed a notice of claim within the period mandated by the contract, the insureds could not maintain a bad faith suit. The Supreme Court reversed, noting that, when the claim was denied, the contract had not yet been breached because the insureds still had time to timely file their notice of claim.

Texas workers' compensation laws within the meaning of § 1445(c). *See Jones*, 931 F.2d at 1092. The *Bastian* court distinguished *Jones* on the grounds that Jones' claim was based on an enactment of the Texas Legislature which prohibits the termination of employees who intend to file workers' compensation claims.[7] *Bastian* noted the conclusion of the *Jones* court on the source of article 8307c:

> In short, were it not for the workers' compensation laws, article 8307c would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests.

*Bastian*, 784 F.Supp. at 1257 (quoting *Jones* 931 F.2d at 1092). According to the *Bastian* court, the statute on which Jones relied formed "an integral part of the workers' compensation laws of Texas." *Bastian*, 748 F.Supp. at 1257. Thus, *Bastian* found *Jones* inapplicable because it involved a statutory enactment.

 However, the source of a state law does not necessarily determine that law's characterization under federal jurisdiction statutes. The fact that the Texas Legislature has not codified the duty of good faith and fair dealing along with other workers' compensation laws does not preclude such a claim from "arising under" the Texas workers' compensation laws.[8] Instead, the law's functional relationship to the Texas Workers' Compensation Act determines whether the law "arises under" the workers' compensation laws. To rely on the *Bastian* court's distinction between judicially and legislatively created laws thwarts the Congressional intent in passing § 1445(c) that the *Jones* court recognized.[9] Section 1445(c) was explicitly designed to restrict removal and protect the right of state courts to vindicate the policies embodied in their workers' compensation schemes. *See Jones*, 931 F.2d at 1091.

Moreover, the insurers' duty to deal fairly and in good faith with workers' compensation claimants is certainly no less "an integral part of" the just and smooth functioning of Texas' workers' compensation scheme than is the statutory prohibition against firing employees in anticipation of their filing workers' compensation claims. The state has a strong interest in vindicating both types of claims. Both are designed to ensure that injured employees's rights are vindicated. The fact that the Texas Legislature has not codified the duty of good faith along with the other workers' compensation laws does not detract from the conclusion that bad faith claims "arise under" the workers' compensation laws for the purposes of § 1445(c).

### III. Conclusion

While there are elements of common law in the workers' compensation claim duty of good faith and fair dealing, a bad faith claim is contingent upon establishing a valid workers' compensation claim. Therefore, the Texas workers' compensation laws, which create a cause of action for claimants, form an essential ingredient in Almanza's bad faith claim against Transcontinental. Hence, for the purposes of § 1445(c), a bad faith claim against an insurer for its handling of a workers' compensation claim arises under the Texas Workers' Compensation Act. Accordingly, Transcontinental's removal of the bad faith claim in this case was barred by 28 U.S.C. § 1445(c).

Because the Court is of the opinion that it lacks subject matter jurisdiction in this case, Transcontinental's Motion to Reconsider Remand is DENIED.

SO ORDERED.

---

7. *See* Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon pam. 1992).

8. *Cf. Jones* 931 F.2d at 1092 ("[W]hether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the workers' compensation laws' for the purposes of section 1445(c).").

9. However, some district courts outside of Texas have concluded that judicially created retaliatory discharge claims do not arise under their state's workers compensation laws. *See Jones*, 931 F.2d at 1091 n. 3 (citing cases).