Kerry Steven **WARNER**, Plaintiff,

v.

**CRUM & FORSTER COMMERCIAL IN-SURANCE COMPANY** and United States Fire Insurance Company, Defendants.

No. 4:93–CV–641–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 20, 1993.

William Thomas Catterton, Catterton & Reinhard, Ft. Worth, TX, for plaintiff.

Greg K Winslett, Strasburger & Price, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Before the court is the motion of plaintiff, Kerry Steven Warner, to remand this action to the state court of Texas from which it was removed by defendant, United States Fire Insurance Company.[1] The court has determined that the motion to remand should be denied.

### I.

### Nature and History of Litigation

The action was instituted in a district court of the State of Texas by a petition in which plaintiff alleged that defendant issued a policy of insurance that provided worker's compensation benefits for plaintiff's employer, that plaintiff suffered an on-the-job injury, that because of his injury plaintiff is entitled to benefits under the worker's compensation policy, and that defendant, by a "continuing pattern of delay or denial of payment of benefits owed" to plaintiff "as well as [by] failing to conduct the prompt and thorough investigation of claims as required [ ] by law," violated its duty of good faith and fair dealing to plaintiff, causing plaintiff to be damaged.[2] Plaintiff's Original Petition ("Petition") (attached to Notice of Removal filed 9/22/93) at 2. In the prayer of the petition plaintiff sought, in addition to the types of damages that normally would be associated with a suit based on an alleged breach of the duty of good faith and fair dealing, recovery from defendant of "[t]he medical benefits

payable under the agreement made the basis of this suit and the amount consisting of bills owed...." Petition at 4–5.

By notice of removal filed September 22, 1993, defendant removed the action to this court, alleging diversity of citizenship and the requisite amount in controversy. Because of a concern of the court that the inclusion in the prayer of the petition of the request for recovery of medical benefits payable under the worker's compensation policy caused the action to be one arising under the workers' compensation laws of the State of Texas and, therefore, a nonremovable action, see 28 U.S.C. § 1445(c), the court advised the attorneys by a telephone conference between the court and counsel on September 27, 1993, that they should make filings directed to the question of whether the action, as removed, was one "arising under the workmen's compensation laws of [Texas]." Id.

On October 21, 1993, plaintiff filed his motion to remand, asserting nonremovability because of 28 U.S.C. § 1445(c).[3] Plaintiff does not contend in his motion that he is seeking to recover benefits under the workers' compensation policy. Instead, he asserts that under the authority of the Texas Supreme Court in Vail v. Texas Farm Bureau Mut. Ins. Co., he is entitled to recover as a part of his damages for defendant's breach of its common law duty of good faith and fair dealing an amount equal to the policy benefits he says defendant wrongfully withheld from him. 754 S.W.2d 129, 136 (Tex.1988).[4] Plaintiff acknowledges in his motion that his action is one to recover for damages suffered as a result of an alleged breach by defendant of its common law duty of good faith and fair dealing, but argues that such an action arises

---

1. United States Fire Insurance Company points out in its notice for removal that there is no entity known as Crum & Forster Commercial Insurance Company, which is named along with United States Fire Insurance Company as a defendant in the state court action.

2. Plaintiff asserts only one count in the petition, i.e., that defendant violated its common law duty to plaintiff to exercise good faith and fair dealing in the handling of plaintiff's claim.

3. In his motion plaintiff mistakenly refers to § 1445 as § 1447, but the text of the motion and

its supporting brief make clear that plaintiff intends to refer to § 1445.

4. Vail was not a suit based on an alleged violation of a duty of good faith and fair dealing but, instead, was a suit asserting causes of action against an insurer based on alleged violations of Texas statutes pertaining to claims handling and trade practices. 754 S.W.2d at 130. Plaintiff argues that the holding in Vail should apply as well to an action based on a breach of the duty of good faith and fair dealing.

under the workers' compensation laws of Texas.

The main thrust of the motion to remand is that the court should apply the holding in *Almanza v. Transcontinental Ins. Co.*, 802 F.Supp. 1474 (N.D.Tex.1992), rather than the holding in *Bastian v. Travelers Ins. Co.*, 784 F.Supp. 1253 (N.D.Tex.1992), in determining the issue of removability. In his brief, plaintiff seems to concede, except as to the waiver contention mentioned below, that his request for a remand will stand or fall on the decision of whether an action based on an alleged breach of the common law duty of good faith and fair dealing arises under the workers' compensation laws of Texas.

Plaintiff urges, in the alternative, that defendant has waived its right to remove the action by having invoked the "processes of the state court before filing for such removal." Plaintiff's Motion to Remand at 2. The waiver contention is supported by argument in plaintiff's brief that when defendant answered the petition and filed a motion to transfer venue in the state court it waived its right to remove the action.

On November 2, 1993, plaintiff filed his first amended complaint in which he reasserted his count alleging breach of the duty of good faith and fair dealing and added three more counts, one asserting a breach of Tex.Ins.Code Ann. art. 21.21 and the related rules and regulations of the Texas State Board of Insurance, another asserting other breaches of art. 21.21 and rules and regulations issued by the State Board of Insurance thereunder, and the third asserting a violation of Tex.Ins.Code Ann. art. 21.55. The amended complaint did not assert any cause of action under the workers' compensation policy, nor did plaintiff pray for recovery of any benefits under the policy.

During a telephone conference between the court and counsel on November 10, 1993, counsel for plaintiff acknowledged that the request in the prayer of the state court pleading for recovery of medical benefits payable under the workers' compensation policy was not intended to assert an action under the policy but, instead, was merely a request for recovery of what plaintiff, through his counsel, believed to be an element of damages recoverable under the common law cause of action and that the only cause of action intended to be asserted by plaintiff in the petition was for breach of the common law duty of good faith and fair dealing.

## II.

*This is Not an Action "Arising Under" the Workers' Compensation Laws of Texas*

■ The removal jurisdiction of this court "is determined by examining the record as it stands *at the time the [notice of] removal was filed.*" *Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 780 (5th Cir.1989). When the notice of removal was filed in this action, the action was one to recover damages allegedly suffered by reason of breach of defendant's common law duty to exercise good faith and fair dealing in the handling of plaintiff's workers' compensation claim and nothing else. A fair reading of the petition is that the request in its prayer for recovery of medical benefits payable under the workers' compensation policy was but an assertion that an element of recoverable damages for the breach of the common law duty is an amount equal to the benefits that defendant would have paid plaintiff if defendant had not breached the duty. Counsel for plaintiff concedes that this was the intent of the pleading. Therefore, the record is clear that the petition does not assert an action under the workers' compensation policy but only one predicated on an alleged breach of the common law duty. The court is not concerning itself with the theories of recovery plaintiff asserted in his amended complaint that were not a part of the record at the time the notice of removal was filed.

There are two distinguishing characteristics between the record of the instant action and the record before the court in *Bastian v. The Travelers Ins. Co.*, 784 F.Supp. 1253 (N.D.Tex.1992). In *Bastian*, the record at the time of removal included causes of action by the plaintiff against the insurance company for negligence in claim handling and for violation of Tex.Ins.Code Ann. art. 21.21, along with the breach of duty of good faith and fair dealing cause of action; whereas, in

the instant action the only cause of action appearing of record at the time of removal was the one based on the alleged breach of defendant's duty of good faith and fair dealing. Second, there was no suggestion in *Bastian* that workers' compensation benefits to which the plaintiff was entitled had not been paid, nor was there any request for recovery of any amount measured by benefits owed under the workers' compensation laws of Texas; whereas, as noted above, in the instant action, plaintiff seeks to recover as an element of damages an amount equivalent to the medical benefits he claims defendant should have paid to him.

The distinctions between the instant action and *Bastian* are not relevant to the removal question. If causes of action against the insurance company for negligence, violation of Tex.Ins.Code art. 21.21, and the breach of duty of good faith and fair dealing are removable, so would an action that asserts only the breach of duty of good faith and fair dealing be removable. Inclusion in the prayer for damages of an element measured by withheld worker's compensation benefits does not convert the common law tort action to a worker's compensation action—it simply defines the scope of relief plaintiff seeks for the alleged breach of the common law duty.

■ The reliance by plaintiff on the decision by Chief Judge Sanders in *Almanza v. Transcontinental Ins. Co.* has caused the undersigned judge to re-evaluate the rulings made in *Bastian v. Travelers Ins. Co.* in the light of the reasoning of the *Almanza* judge. *Almanza* is not found to be persuasive. It proceeds on the assumption that the duty of good faith and fair dealing is a court-created part of the worker's compensation laws of Texas; and, it fails to recognize that this common law duty is applicable generally to any insurer/insured/beneficiary relationship in Texas. The duty does not have a special standing in relation to the Texas worker's compensation laws.[5] It is general in nature, being applicable to the broad spectrum of insurer/insured/beneficiary relationships of which worker's compensation insurance policy relationships is only a part. The worker's compensation laws of Texas are not a component of the common law cause of action. Rather, they have but an incidental relationship to the tort cause of action when the insurance policy out of which the common law duty arises happens to provide worker's compensation benefits. Put another way, the most that can be said about the relationship between the worker's insurance laws and the common law cause of action in such an event is that the worker's compensation laws are incidentally related to the cause of action based on breach of the common law duty.

If Congress had intended to a cause an action such as this to be nonremovable, it undoubtedly would have used in 28 U.S.C. § 1445(c) the words "related to" rather than the words "arising under." When Congress intends a broad sweep, it knows how to use, and does use, the "related to" concept. *See, e.g.,* 29 U.S.C. § 1144(a). Congress having used the more restrictive "arising under" words, the court does not think it should ascribe to Congress a "related to" intent. Therefore, the undersigned judge adheres to the principles expressed in *Bastian.* Those principles are applicable to the instant action, with the consequence that § 1445(c) does not prevent its removal.[6]

### III.

*The Right to Remove was Not Waived*

■ The contention of plaintiff that defendant waived its right of removal by filing in state court an answer and a motion to transfer venue before accomplishing the removal is answered by the Fifth Circuit in *Beighley v. Federal Deposit Ins. Corp.*:

A waiver of the right of removal must be clear and unequivocal. In general, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." 1A Moore, Feder-

---

5. If the Texas legislature were to codify the duty of good faith and fair dealing, its codification undoubtedly would be with laws pertaining to the obligations of insurers generally, not with worker's compensation laws.

6. Another court's statement of reasons why § 1445(c) does not prevent removal of an action such as this is found in *Haines v. National Union Fire Ins. Co.,* 812 F.Supp. 93 (S.D.Tex.1993).

al Practice ¶ 0.157[9] at 153 (1987). *See also Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738–39 (E.D.Ky.1981) (no waiver by defendant's motion to abate and dismiss in state court, which sought to dissolve a temporary injunction). The FDIC cannot be said to have waived its statutory right to removal simply by taking preliminary steps in state court to set aside a default judgment.

868 F.2d at 782. There is no suggestion whatsoever in the record of this case that defendant intended to waive the right of removal. The action taken by defendant in state court prior to removal was no more significant than FDIC's action in *Beighley* in the taking of preliminary steps to set aside a default judgment.

## IV.

### *Order*

The court, therefore, ORDERS that the motion to remand be, and is hereby, denied.