**Jimmy Charles PATIN, Sr.,
and Margaret Patin,**

v.

**ALLIED SIGNAL, INC., and Travelers
Indemnity Company of Rhode
Island.**

**No. 1:93–CV 0411.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 28, 1994.

Richard Ellis Turkel, Orange, TX, for plaintiff.

Hollis Horton, Orgain Bell & Tucker, Beaumont, TX, for defendant.

### MEMORANDUM OPINION

Cobb, District Judge.

On August 29, 1994, this Court filed a memorandum opinion granting summary judgment in favor of Defendant, Travelers Indemnity Company of Rhode Island (Travelers). Plaintiffs, Mr. Jimmy Patin, Sr. and Mrs. Margaret Patin, have filed a Motion for New Trial pursuant to FED.R.CIV.P. 59(a).[1] For the reasons set out below, the motion is DENIED.

### I.  Background.

On October 2, 1990, Plaintiff, Jimmy Charles Patin, Sr. (Patin), sustained a work-related injury to his right shoulder while in the employ of Allied–Signal, Inc. (Allied). Allied notified its insurer, Travelers, that although Patin would be filing a claim for medical expenses, weekly workers' compensation benefits would not be necessary since

---

1. Motion to reconsider entry of summary judgment is properly made under FED.R.CIV.P. 59(e), not FED.R.CIV.P. 59(a). *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811 (9th Cir.1981). However, this court does not consider this to be a fatal defect and will consider the merits of Plaintiff's motion.

Patin had continued to work without any lost time due to the injury. Travelers paid all of Patin's medical expenses.

Shortly after his injury, Patin filed a claim with Travelers for total temporary disability payments. Travelers denied the claim. Patin was subsequently discharged by Allied on November 20, 1990. Patin, arguing that his discharge was improperly related to his filing of the disability compensation claim, brought suit against Allied in federal district court. Patin alleged that Allied had engaged in age discrimination and had illegally retaliated against him for filing a workers' compensation claim.[2] The case was tried to a jury, and the jury rejected both of Patin's claims.

Travelers refused to honor Patin's continuing demand for disability payments. On February 27, 1991, Patin retained an attorney to pursue his claim. On March 21, 1991, Plaintiff filed a claim for workers' compensation benefits with the Industrial Accidents Board (IAB). On February 20, 1992, the IAB awarded Patin $42,091.02. Both parties appealed the IAB award to the state district court in Orange County, Texas.

That case was tried to a jury which found in favor of Patin, and awarded Patin permanent partial disability benefits in the amount of $75,021.88, but rejected his claim for total temporary disability.

Patin has brought this action against Travelers. He alleges that Travelers, by rejecting his claim for weekly disability payments, breached its duty of good faith and fair dealing, engaged in a civil conspiracy with Allied to deny him his benefits, negligently and intentionally inflicted emotional distress upon him, and caused Mrs. Patin damages for loss of consortium.

Travelers moved for, and this court granted, summary judgment on all each claim.

Patin now asks this court to reconsider its decision to grant summary judgment. Patin contends that: (1) remand was mandatory pursuant to 28 U.S.C. § 1445(c)[3]; (2) the statue of limitations does not bar his cause of action; and (3) his claim is not barred on the ground of res judicata.

## A.

Plaintiff now contends that remand is mandatory under § 1445(c) since this case "arises under" state workers' compensation law. Plaintiff fails to realize that: (1) his request for remand is untimely; and (2) notwithstanding the tardy nature of his complaint, his claims are not within the ambit of § 1445(c).

Title 28 U.S.C. § 1447(c) provides that a "motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal ..."

■ Remand based on § 1445(c) is a "defect in removal procedure" as outlined in § 1447(c). In re Shell Oil, 932 F.2d 1518, 1522 (5th Cir.1991) (holding that "any defect in removal procedure" includes all non-jurisdictional defects existing at the time of removal). An objection to removal based on § 1445(c) does not create a situation that could divest this court of subject matter jurisdiction. Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 117 (5th Cir.1987) (en banc). Objections to removal grounded in procedural defects are waived 30 days after the notice of removal is filed. Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543 (5th Cir.1991).

■ In the case at hand, Plaintiff's request for remand pursuant to § 1445(c) comes more than 30 days after the notice of removal was filed.[4] Accordingly, it was not timely filed and is waived.[5]

---

2. See TEXAS LABOR CODE § 451.001 (formerly TEX.REV.CIV.STAT.ANN. art. 8307c).

3. Title 28 U.S.C. § 1445(c) provides: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

4. The Notice of Removal is dated August 26, 1993. Plaintiff's Original Request for Remand

stated that "this cause should be remanded because the outcome of the matter depends entirely on claims under the Texas Workers' Compensation Act, and there are not federal questions." The motion did not mention § 1445(c) as a possible basis for remand.

5. Plaintiffs could, of course, make the argument that § 1447(c) only requires that any motion for remand be on file within the 30 day limit to be timely; and once the filing is timely, a party is

■ Remand under § 1445(c) would be improper even if Plaintiff had raised the issue in a timely manner.

Plaintiff contends that his breach of good faith and fair dealing claim "arises under" state workers' compensation law and is therefore within the purview of § 1445(c). In support of this proposition, he relies solely on *Almanza v. Transcontinental Ins., Co.*, 802 F.Supp. 1474 (N.D.Tex.1992).[6] In *Almanza*, the court held that since the existence of a valid workers' compensation claim is a requisite for plaintiff's breach of good faith and fair dealing action, the action against the insurer "arises under" the Texas workers' compensation scheme. *Almanza*, 802 F.Supp. at 1478. Accordingly, remand was mandatory. The *Almanza* court also states that its decision to put breach of the duty of good faith and fair dealing claims within the scope of § 1445(c) serves the important policy function of "allowing state courts to vindicate the policies embodied in their workers' compensation schemes." *Almanza*, 802 F.Supp. at 1479 (citing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir.1991).

This court respectfully disagrees with the conclusion reached in *Almanza*. If finds the analysis set out in *Warner v. Crum & Forster Commercial Ins. Co.*, 839 F.Supp. 436 (N.D.Tex.1993), to be more persuasive.

The court in *Warner*, confronting with the same issue now facing this court, reached the conclusion that the duty of good faith and fair dealing does not "arise under" Texas workmens' compensation law. The *Warner* court's argument is twofold. First, the court ably points out that the duty of good faith and fair dealing is a cause of action wholly separate from any breach of the underlying insurance contract. *Bastian v. Travelers Ins. Co.*, 784 F.Supp. 1253, 1256 (N.D.Tex.

1992). Second, the court notes that the breach of good faith and fair dealing tort can arise, not only in the workers' compensation context, but in any situation where an insurer breaches its special duty to deal with claimants in a fair and even-handed manner. *Bastian*, 784 F.Supp. at 1255–56. The tort exists as a condition of the special duty that insurers owe to *all* claimants, not merely those who seek wrongfully withheld workers' compensation benefits. Accordingly, the most that can be said about Plaintiff's breach of good faith and fair dealing claim is that it is *related to* his claim for workers' compensation. *Warner*, 839 F.Supp. 436, 439 (N.D.Tex.1993); *see also Haines v. National Union Fire Ins. Co.*, 812 F.Supp. 93, 95 (S.D.Tex.1993).

Additionally, this Court is unconvinced that by holding the breach of the duty of good faith and fair dealing is not within the scope of § 1445(c), it will substantially hinder this states ability "to vindicate the policies embodied in [its] workers' compensation schemes." The *Almanza* court's reliance on *Jones* appears to be misplaced. The *Jones* court held that an action brought under the Texas retaliatory discharge statute[7] was subject to remand pursuant to § 1445(c). The *Jones* court reached this conclusion, however, only because it determined that retaliatory discharge legislation is an essential element of the overall workers' compensation scheme. *Jones*, 931 F.2d at 1092 ("were it not for the workers' compensation laws, article 8307c would not exist"). The same cannot be said for the duty of good faith and fair dealing. This tort was not, unlike article 8307c, specifically created to ensure that the workers' compensation claim system operates fully and effectively. *See Arnold v. Nat. County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987) (case establishing

free to urge new basis for remand after the 30–day time limit has expired. This interpretation of 1447(c) would lead to parties filing papers labeled "Motion for Remand" on the 29th day and then filing their specific procedural defect objections at their leisure. This could not have been the intent of Congress when it set out a 30 day limit for parties to object to improper removal.

**6.** In *Almanza*, ,the plaintiff brought an action against her employer's insurer for failure to pay allegedly valid workers' compensation claims. More specifically, her claim, as here, was that the insurer breached its duty of good faith and fair dealing.

**7.** In *Jones*, the plaintiff claimed that he was discharged, in violation of article 8703c of the Texas Revised Civil Statute, for filing a workers' compensation claim.

breach of good faith and fair dealing cause of action did not involve workers' compensation, but rather an insurance company's failure to pay uninsured motorist claim).

### B.

As noted in the memorandum opinion granting summary judgment, Plaintiff's action against Travelers accrued no later than June 11, 1991. Each claim carried a two-year statute of limitations. Plaintiff attempted to add Travelers as a defendant in a separate action (arising from the same set of facts) on April 2, 1993.[8] This motion was denied. Suit was eventually filed against Travelers in state court on July 23, 1993. Accordingly, absent a tolling statute, Plaintiff's July 23, 1993 filing is untimely.

Patin maintains that his action is timely filed since section 16.064 of the Texas Civil Practice and Remedies Code effectively tolled the statute of limitations.[9] Plaintiff incorrectly relies on section 16.064.

■ "Statutes of limitations represent persuasive legislative judgement that it is unjust to fail to put adversary on notice to defend within a specified period of time . . ." *U.S. v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). The filing of suit and diligent issuance and service of citation toll the running of the statute of limitations. *Milestone Properties v. Federated Metals Corp.,* 867 S.W.2d 113, 119 (Tex. App.—Austin 1994) (citing *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990) *and Rigo Mfg. v. Thomas,* 458 S.W.2d 180 (Tex.1970)). Furthermore, a plaintiff is allowed an additional 60 days in which to refile his suit if his

initial filing is in a court that lacks jurisdiction. Texas Practice and Remedies Code § 16.064.

■ Plaintiff finds shelter in § 16.064, however, only if his April 2, 1993 attempt to amend the complaint is a "filing" within the meaning of § 16.064. It is not. Under Texas law,[10] for purposes of the statute of limitations, an action is commenced when the *petition* is filed in the office of the clerk. Rule 22 Tex.R.Civ.P.; *Hughes v. Atlantic Refining Co.,* 424 S.W.2d 622, 625 (Tex.1968). A motion to amend is not a petition. Plaintiff had the option of filing a petition in state court naming Travelers as a defendant on April 2, 1993. He chose not to. His case is now time-barred.

This case is very different from *Vale v. Ryan,* 809 S.W.2d 324 (Tex.App.—Austin 1991, no writ), cited by Plaintiff. In *Vale,* the plaintiff had filed suit against all defendants and the trial judge granted summary judgment as to one defendant. The court found that § 16.064 applied to toll the statute while the summary judgment was on appeal. There was no question as to whether the case had been *filed.*

### C.

Plaintiff's final point of error concerns the determination that his claims are barred on the ground of res judicata.

Plaintiff asserts that a claim for breach of the duty of good faith and fair dealing is separate and distinct from the underlying claim for compensation for physical injury. As noted above, this court agrees. Unfortu-

---

**8.** *Charles Patin v. Allied–Signal, Inc.,* CA no. 1:92–CV–284.

**9.** Section 16.064 states:
(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
(2) not later than the 60th day after the date the dismissal or other disposition becomes

final, the action is commenced in a court of proper jurisdiction.
(b) This section does not apply is the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

**10.** Defendant directs this court to Rule 3 of the Federal Rules of Civil Procedure to determine when an action is commenced. This court is convinced that in a diversity action, Rule 3 does not determine when an action is commenced in federal court for purposes of tolling the statute of limitations; state law controls. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 750–52, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659 (1980).

 

nately, Plaintiff never explains why two separate claims, arising out of the same set of facts, are not barred on the grounds of res judicata. Any action which *could* have been brought against Travelers in either of the preceding lawsuits is barred.[11] No matter how separate the claims are, if they arise from the same set of operative facts, Plaintiff needed to bring them in one of the preceding actions.

### ORDER

Before the court is the Plaintiff's Motion for New Trial. After considering the Motion, this court, for the reasons set out above, is of the opinion that the Motion should be DENIED.

---

**11.** The Court refers Plaintiffs to the cases cited in the memorandum opinion (and wholly unaddressed in this Motion for New Trial). *See Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *Texas Water Rights Com'n v. Crow Iron Works,* 582 S.W.2d 768, 772 (Tex.1979); *Soto v. Phillips,* SA–89–CA–1269 (W.D.Tex. March 27, 1991).