**Mary WATSON, Plaintiff,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant.**

**No. EP–89–CA–123–H.**

United States District Court,
W.D. Texas,
El Paso Division.

May 30, 1989.

Michael T. Aaronson, El Paso, Tex., for plaintiff.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Tex., for defendant.

## ORDER OF REMAND

HUDSPETH, District Judge.

Plaintiff Mary Watson filed suit in the 171st District Court of El Paso County, Texas, against her employer's workers' compensation insurance carrier. In her original petition in state court, the Plaintiff alleged that she was injured in the course and scope of her employment; that she filed a claim for compensation under the Texas Workers' Compensation Act; that the Texas Industrial Accident Board award-

---

ed her benefits in the amount of $14,582.78, but that the Defendant has paid her only the sum of $5,474.78, leaving a balance due and owing in the amount of $9,108.00. The Defendant filed a petition for removal to this Court, contending that the United States District Court had original jurisdiction over the action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship and jurisdictional amount). The Plaintiff filed a motion to remand the cause to state court. The Court finds that the motion to remand should be granted.

The Defendant's claim that this Court has original jurisdiction over the suit under 28 U.S.C. § 1332 is not supported by the pleadings. The Plaintiff's original petition makes no allegations concerning the citizenship of the Plaintiff or the Defendant. The Defendant's answer is similarly silent as to this matter. The only allegations concerning citizenship are found in the Defendant's notice of removal. Furthermore, the pleadings fail to establish that the amount in controversy exceeds $10,000.00 exclusive of interest and costs. The only specific amount of damages claimed by the Plaintiff is $9,108.00. Without diversity of citizenship and jurisdictional amount, this Court lacks jurisdiction under 28 U.S.C. § 1332.

The Defendant's claim of federal question jurisdiction under 28 U.S.C. § 1331 is based upon the theory that the Texas Workers' Compensation Act has been preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 101 *et seq.* Significantly, no authority is cited in support of this novel proposition. On the contrary, this case comes within a category of cases specifically made nonremovable by Congress. Title 28, United States Code, § 1445(c) provides as follows:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The instant case clearly arises under the Texas Workers' Compensation Act, even though the Plaintiff pleads an alternative theory of recovery under the common-law doctrine of breach of duty of good faith and fair dealing. The potential existence of such a duty on the part of a workers' compensation carrier was recognized by the Texas Supreme Court in *Aranda v. Insurance Company of North America,* 748 S.W.2d 210 (Tex.1988). As the Supreme Court stated in that opinion:

> A workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim. *Aranda v. Insurance Company of North America, supra* at 213.

In other words, the claim for breach of duty of good faith and fair dealing presupposes the existence of workers' compensation benefits due and owing to the Plaintiff, which the carrier has failed to pay. Both classes of claims arise under the workers' compensation laws of the State of Texas for purposes of the removal statute, 28 U.S.C. § 1445(c). In the instant case, Section 1445(c) bars its removal to this Court.

It is therefore ORDERED that this cause be, and it is hereby, REMANDED to the 171st District Court of El Paso County, Texas. The District Clerk is directed to transmit the file to the District Clerk of El Paso County, Texas.