**Alvin F. ALLSUP, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. No. 3–91–2057–H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 3, 1991.

Douglas Floyd, Plano, Tex., for plaintiff.

Kathleen W. Berry and Richard A. Capshaw, Haynes & Boone, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Plaintiff Allsup's Motion to Remand, filed October 15, 1991; Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Sever and Remand and Response to Plaintiff's Motion for Remand, filed November 4, 1991; and Allsup's Response to Defendant's Motion to Sever and Remand, filed November 13, 1991.

### Background

Allsup filed a workers' compensation claim against Liberty Mutual in the 160th Judicial District Court of Dallas County, Texas on March 25, 1991. Allsup alleged that he received disabling injuries during the course of his employment with S.C.G. Trucking, Incorporated, which was insured by Liberty Mutual. On September 13, 1991, Allsup filed a First Amended Petition that added a breach of duty of good faith and fair dealing claim ("bad faith claim"). Liberty Mutual removed the case to this Court on September 30, 1991, asserting both diversity and federal question jurisdiction. Allsup now moves to remand the case, while Liberty Mutual seeks to sever the two claims and remand only the workers' compensation claim.

This case presents an interesting jurisdictional issue. Contrary to the position asserted in Liberty Mutual's removal petition, however, the issue does not involve a federal question.[1] Instead, the Court faces a jurisdictional dilemma that will likely reappear often in this and other United States District Courts.

### The Workers' Compensation Claim

■ Initially, as both Allsup and Liberty Mutual attest, the workers' compensation claim belongs in state court. 28 U.S.C. § 1445(c) provides that, "(a) civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." This provision is straightforward, reflecting Congress's intent that workers' compensation claims remain in state court. *See* S.Rep. No. 1830, 85th Cong., 2nd Sess. 2 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3105–06; *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091–92 (5th Cir.1991); *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir. 1964). Accordingly, courts in this jurisdiction long have been "reluctant 'to strain to find a way to entertain workmen's compensation suits.'" *Id.* (quoting *Kay v. Home Indemnity Co.*, 337 F.2d at 901); *see also*

---

1. It is well settled that federal question jurisdiction must be established from the pleadings. *See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494, 103 S.Ct. 1962, 1971, 76 L.Ed.2d 81 (1983). In this case, Liberty Mutual maintained in its Notice of Removal that Allsup's claims somehow invoked the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002–1461. This, however, was not the case. Neither Allsup's Original Petition nor his First Amended Petition invoked ERISA, and ERISA does not preempt either the workers' compensation claim or the

bad faith claim. *See Eurine v. Wyatt Cafeterias, Inc.*, No. 3–91–0408–H, 1991 WL 207468 (N.D.Tex., filed August 21, 1991); *Foust v. City Ins. Co.*, 704 F.Supp. 752, 753–54 (W.D.Tex. 1989). Therefore, federal question jurisdiction does not exist in this case. In the absence of federal question jurisdiction, supplemental jurisdiction is likewise not available, *see* 28 U.S.C. § 1367, and any state law claims that would come before this Court in this case must do so through diversity jurisdiction. *See* 28 U.S.C. § 1332.

*Wallace v. Ryan–Walsh Stevedoring Co., Inc.,* 708 F.Supp. 144, 148 (E.D.Tex.1989) (emphasizing "the well-known policy of restricting removal").

This case presents no reason to so strain now. The workers' compensation claim plainly arises under the Texas Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. arts. 8306–09 (Vernon 1967, Supp.1991), and both parties ask that the claim be remanded to state court. The Court concludes that, pursuant to section 1445(c), the workers' compensation claim was improperly removed to this Court and belongs back in the 160th Judicial District Court of Dallas County. *See* 28 U.S.C. § 1447(c).

### The Bad Faith Claim

The more unique question is whether the bad faith claim was properly removed. Several lines of inquiry suggest that it was not.

■ First, the Court considers whether the bad faith claim also arises under the Texas Workers' Compensation Act. In addressing that question, it is significant that the justiciability of a bad faith claim against an insurer is contingent on a finding of a valid workers' compensation claim. *See Koral Indus. v. Security–Connecticut Life Ins. Co.,* 788 S.W.2d 136, 147–48 (Tex. App.—Dallas 1990), *writ denied per curiam,* 802 S.W.2d 650 (Tex.1990) (citation omitted). Indeed, the first element to be established in any bad faith claim is that there is no reasonable basis for denying the claim for insurance compensation. *Id.; Yancey v. Floyd West & Co.,* 755 S.W.2d 914, 922 (Tex.App.—Fort Worth 1988, writ denied). Therefore, in this case, resolution of Allsup's workers' compensation claim is a prerequisite to, and the first element of, any determination on the bad faith claim.[2]

Based on the relationship between a workers' compensation claim and a bad faith claim, the Court's sister jurisdiction, the United States District Court for the Western District of Texas, determined in *Watson v. Liberty Mutual Fire Ins. Co.* that a bad faith claim against an insurer for its handling of a workers' compensation claim arises under the Texas Workers' Compensation Act. *See* 715 F.Supp. 797, 798 (1989). The Court concurs with this reasoning. While it is true that there are elements of the common law in the duty of good faith and fair dealing, *see, e.g., Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex.1988) (noting that the insurer's duty of good faith and fair dealing is not barred by the Texas Workers' Compensation Act); *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987) (recognizing an insurer's duty to deal fairly and in good faith), the duty, as applied in the context of a workers' compensation claim, is contingent on establishment of such a claim. Therefore, for the purposes of section 1445(c), a bad faith claim against an insurer for its handling of a workers' compensation claim arises under the Texas Workers' Compensation Act. Accordingly, Liberty Mutual's removal of the bad faith claim in this case was barred by 28 U.S.C. § 1445(c).

■ Contrary to the argument implied by Liberty Mutual, even were the bad faith claim to arise apart from the Texas Workers' Compensation Act, it would not be removable pursuant to the newly amended removal statute, 28 U.S.C. § 1441(c).[3] That provision allows removal of otherwise nonremovable claims only when they are joined with a separate and independent federal question claim; it no longer applies when the linchpin for removal is a separate and

---

**2.** Liberty Mutual curiously argues that this relationship between the claims requires severance. Principles of comity and judicial economy suggest otherwise.

**3.** That provision reads as follows:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is

joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may may (sic) remand all matters in which state law predominates.

28 U.S.C. § 1441(c) (Supp.1991); *see* Pub.L. No. 101–650, § 312; Judicial Improvements Act, 104 Stat. 5089, 5114 (1990).

independent diversity claim.[4] *See* 28 U.S.C. § 1441(c); H.R.Rep. No. 734, 101st Cong., 2d Sess., at 22–23 (Sept. 21, 1990); *see also* Siegal, *Commentary on 1990 Revision*, 28 U.S.C. § 1441(c), at 2, 4–6 (West Supp.1991) (explaining, in part, the elimination of section 1441(c) removal based on diversity and the amended section's impact on supplemental jurisdiction); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724 at 72 (Supp.1991) (noting the lack of section 1441(c) diversity removal). Further, because Allsup's claims allege primarily a single injury, stem from the same transaction, and involve substantially the same set of facts, they are not separate and independent. *See American Fire & Casualty Co. v. Finn*, 341 U.S. at 12–14, 16, 71 S.Ct. at 539–40, 541; *Addison v. Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir.1984).

In addition, Liberty Mutual removed the entire action to this Court; it bypassed the option of severing the two claims in state court and subsequently removing only the bad faith claim.[5] As a result, given the lack of a federal question, the Court is confronted with the propriety of removal of the case, as a whole, as opposed to the propriety of removal of each claim as a separate cause of action. If the entire case was not removable, the entire case was subject to remand. In the end, in this case, the non-removability of the workers' compensation claim doomed Liberty Mutual's removal action.

■ Finally, the Court adds that the dictates of comity and judicial economy are compelling in this case. The facts surrounding the workers' compensation claim and the bad faith claim are tightly interwoven. Despite the fact that no issue of supplemental or pendant jurisdiction exists, in the words of *United Mine Workers v. Gibbs*, the two claims are based on "a common nucleus of operative fact," 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); they "form part of the same case or controversy," *see* 28 U.S.C. § 1367, and should be tried together.

Neither party argues that it would be prejudiced if the two claims were tried together, and the Court finds that no meaningful prejudice would, in fact, result. The single factual scenario involved makes it convenient for the parties to litigate the claims together, and the duplication of legal elements in the claims makes it expedient for them to do so. Rarely has the Court confronted a case in which judicial resources were better preserved by keeping claims together.

In the final analysis, severing the claims to remand only the workers' compensation claim would take the Court through burdensome and wasteful procedural gymnastics. The Court would be forced either to entirely duplicate the state court's litigation of the workers' compensation claim without having jurisdiction to resolve it or to stay proceedings on the bad faith claim until the workers' compensation claim is resolved. Either way, the resources of both this Court and the 160th Judicial District Court of Dallas County would be squandered litigating one claim without the other.

It makes no sense to litigate this case in two lawsuits rather than one. While not-

---

**4.** Previously, section 1441(c) allowed removal based on a separate and independent diversity claim. *See* 28 U.S.C. § 1441(c) (1948), *amended by* 28 U.S.C. § 1441(c) (1990) (Supp.1991). With the amended section 1441(c), however, "(a)ll the provisions with reference to removal of controversies between citizens of different States because of inability, from prejudice or local influence, to obtain justice, have been discarded." 28 U.S.C. § 1441(c) revision notes.

It is also noteworthy that, even before the amendment of section 1441(c), diversity cases were rarely removable under that section. *See, e.g., American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951)

(setting standard for "separate and independent" cause of action analysis in rejecting Section 1441(c) removal based on diversity); *see also* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724 at 366–69 (1985) (stating that, "most commentators agree that few, if any, diversity cases can be properly removed under Section 1441(c) in light of the Construction placed on the statute by the *Finn* case").

**5.** Because it is not confronted with the issue, the Court offers no opinion as to whether removal of the bad faith claim alone would be proper.

ing Charles Dickens's admonishment that "the law is a(n) ass," [6] the Court adds that it need not be so.

Because the Court is of the opinion that it lacks subject matter jurisdiction, Allsup's Motion to Remand is GRANTED. *See* 28 U.S.C. § 1447(c). Because Allsup's claims were never properly before the court, it cannot sever them. Liberty Mutual's Motion to Sever and Remand is DENIED.

### Conclusion

This case is REMANDED to the 160th Judicial District Court of Dallas County, Texas.

SO ORDERED.

---

**6.** Oliver Twist 520 (Dodd, Mead & Co., 1941). For a similar commentary, see playwright George Chapman's undated work, "Revenge for Honor", Act III, Scene ii (containing the claim, "I am ashamed the law is such an ass").