**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 94-41150
_____

JIMMY CHARLES PATIN, Sr., and
MARGARET PATIN,

                                        Plaintiffs-Appellants,


                        versus


ALLIED SIGNAL, INC. and
TRAVELERS INSURANCE COMPANY
of RHODE ISLAND,

                                        Defendants,

TRAVELERS INSURANCE COMPANY
of RHODE ISLAND,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

November 1, 1995

Before SMITH, WIENER and DEMOSS, Circuit Judges.

WIENER, Circuit Judge:

     We render this opinion not only to decide the case before us,
but also to resolve an intra-circuit conflict on an important and
recurring issue implicating removal from and remand to state court.
For the reasons set forth below, we hold that a covered employee's
claims and the claims of those asserting rights through the

employee against the employer's workers' compensation insurance carrier for breach of the duty of good faith and fair dealing are <u>not</u> immunized against removal to federal court by the provisions of 28 U.S.C. § 1445(c). We conclude that such a claim is not a civil action "arising under" the state workers' compensation law; rather, such a claimSQ basically an insurance malpractice tortSQis separate from and independent of a claim for statutory workers' compensation benefits, regardless of the fact that such a tort claim is "related to" a compensation benefits claim and to the workers' compensation insurance coverage of the claimant's employer.

I

FACTS AND PROCEEDINGS

Plaintiff-Appellant Jimmy Charles Patin, Sr. sustained a work-related injury on October 2, 1990, while employed by Defendant Allied-Signal, Inc. (Allied). He continued to work for Allied without loss of time or compensation until he was discharged on November 2, 1990. As Allied's workers' compensation insurance carrier, Defendant-Appellee Travelers Indemnity Company of Rhode Island (Travelers) paid medical bills for Patin's treatment but never initiated payment of weekly workers' compensation benefits because (1) Patin had lost no time as a result of his work-related injury, and (2) he had a pre-existing physical limitation in his shoulder.

On March 21, 1991, Patin filed a workers' compensation claim with the Texas Industrial Accidents Board (IAB), which awarded Patin $42,091.02 in connection with the October 1990 accident.

2

Both parties to that administrative proceeding appealed in a suit de novo filed in state district court. At the completion of the jury trial that ensued, Patin's award was increased to $75,021.88 for permanent partial disability; his claim for total temporary disability was rejected.

In another action, Patin sued Allied in federal court for age discrimination and wrongful discharge, claiming that Allied had retaliated against him for filing the workers' compensation claim for the October 1990 accident. In that case, a federal jury rendered a verdict in favor of Allied, producing a take-nothing judgment adverse to Patin.

Yet a third lawsuit implicating Patin's October 1990 accidentSQthe suit from which this appeal arisesSQwas filed by Patin and his wife, Margaret (collectively, the Patins), on July 23, 1993, in the 128th Judicial District Court, Orange County, Texas. It included, among others, a claim against Travelers for breach of the duty of good faith and fair dealing. Travelers removed the case to federal district court on the basis of diversity of citizenship. The Patins timely filed a motion to remand this case to state court, contending that (1) as an insurance company conducting business in Texas, Travelers is a de facto citizen of that state, and thus removal is not proper; and (2) no proof existed that the required $50,000 minimum jurisdictional amount was met. In addition, the Patins' motion made mention, in connection with the de facto citizenship argument, of the fact that Travelers does business under the Texas Workers' Compensation Act (TWCA).

The Patins concluded their remand motion with the statement that "[t]he cause should be remanded because the outcome depends entirely on claims under the Texas Workers' Compensation Act, and there are not [sic] federal questions." After a full hearing in October 1993, the district court denied the Patins' motion to remand.

In February 1994, Travelers filed a motion for summary judgment, insisting that the Patins' claims were barred by both the statute of limitations and the doctrine of res judicata. In August 1994, subsequent to a full merits hearing on that motion, the district court granted summary judgment in favor of Travelers. The following month the Patins timely filed a motion for reconsideration, but it too was denied by the district court.[1]

The Patins timely filed their notice of appeal from the district court's denial of that post-judgment motion. On appeal the Patins insist that 28 U.S.C. § 1445(c) mandates remand to state court because their claims against Travelers arise under the TWCA.[2] Predictably, the Patins also assert that neither the doctrine of res judicata nor the applicable state statute of limitations bars their claims.

---

[1] The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.

[2] "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added).

4

ANALYSIS

A.    Standard of Review

 We review the district court's grant of a motion for summary judgment de novo, applying the same standard as the district court applied.[3]  Questions of law are decided just as they are outside of the summary judgment context:  de novo.[4]

B.    Remand to State Court

 1.    Jurisdictional Amount and De Facto Citizenship

 In the district court the Patins, citizens of Louisiana, contended that subject matter jurisdiction was wanting in federal district court for  the following reasons:    (1) the summary judgment evidence was insufficient to demonstrate that the amount in controversy was equal to or exceeded $50,000, and (2) Travelers was a de facto citizen of Texas by virtue of the way it does business there.[5]  We agree with the district court's determination that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 were present and that 28 U.S.C. § 1441(b) does not prevent

---

[3]  Berry v. Armstrong Rubber Co., 989 F.2d 822, 824 (5th Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir.) (citations omitted), cert. denied, ___ U.S. ___, 113 S.Ct. 462, 121 L.Ed.2d 371 (1992).

[4]  Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

[5]  Complete diversity would still exist even if the Patins had successfully argued that Travelers was a citizen of Texas.  Under these circumstances, however, removal would have been improper because the Patins brought the action in Texas state court.  See 28 U.S.C. § 1441(b).

removal. Presumably the Patins do too, as they do not challenge these holdings on appeal.

   2.   Remand under 28 U.S.C. § 1445(c)

Before us, the Patins rely solely on § 1445(c) as justification for remand. They contend that all of their claims against Travelers "aris[e] under Workmen's Compensation laws" of Texas; as such, the removal of this case from state court was void, and the case therefore must be remanded to state court. In response, Travelers offers two theories on which it urges us to affirm the district court's denial of remand and retention of jurisdiction: (1) The Patins have waived their right to insist on remand; and (2) the Patins' common law claim that Travelers breached the duty of good faith and fair dealing, their Texas Insurance Code claim, and their claim of civil conspiracy, were all "separate and independent claims" from the claims for statutory workers' compensation benefits that they advanced in their IAB/state court litigation, confirming that the Patins' action cannot come within the purview of the non-removability provisions of § 1445(c). We address Travelers' two theories in sequence.

   a.   Waiver

If Travelers is correct that the Patins have waived their right to claim improper removal, our remand inquiry is at an end, and we need not consider non-removability under § 1445(c). Travelers insists that the Patins neither cited nor relied on § 1445(c) in their Motion to Remand or in their argument to the district court at the hearing on that motion. Rather, states

6

Travelers, remand based on § 1445(c) was raised for the first time in the Patins' motion for a new trial (reconsideration), thereby failing to comply with the requirement of § 1447(c) that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."[6]  Travelers notes correctly that in this circuit the wrongful removal of a civil action arising under a state's workers' compensation law is a procedural defect that is waivable under § 1447(c).[7]  Patin no longer disputes that diversity is complete, so the instant claim clearly could have been brought originally in federal court.  As such, the following rule of this circuit applies:

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.[8]

Although Travelers correctly recites the applicable law when it asserts that the Patins' removal complaint is procedural in nature and thus waivable, the facts eschew waiver.  True, § 1445(c) was neither quoted nor cited by section number in the Patins' removal motion or in their argument to the district court at the

---

[6]  28 U.S.C. § 1447(c).

[7]  Williams v. AC Sparkplugs, 985 F.2d 783 (5th Cir. 1993) (construing § 1445(c)); Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 117 (5th Cir. 1987) (en banc) (construing § 1445(a)).

[8]  Williams v. AC Sparkplugs, 985 F.2d at 787.

7

hearing on that motion.  Nevertheless, the substantive concept embodied in § 1445(c)SQnon-removability of claims arising under state workmen's compensation lawsSQwas adverted to in the motion and was discussed, however briefly, in the hearing.  Moreover, in contesting removal Travelers apparently addressed briefly the issue of non-removability and referred to § 1445(c) by number, thereby eliminating any question whether that ground for remand was before the district court.  Thus, we reject Travelers' contention that the Patins waived their  right to insist on remand to state court.

b.    "Arising Under" the Texas Workers' Compensation Act

The intra-circuit conflict alluded to in the introductory portion of this opinion was created by diametrically opposed jurisprudential answers to the question whether an employee's claim against his employer's workers' compensation insurance carrier for the breach of its duty of good faith and fair dealing "arises under" the workers' compensation laws of the state.  Federal district courts of this circuit are split on the issue.[9]

---

[9]    Compare Warner v. Crum & Forster Commercial Ins. Co., 839 F. Supp. 436, 439 (N.D. Tex. 1993); Haines v. National Union Fire Ins. Co., 812 F.Supp. 93, 95 (S.D. Tex. 1993); Bastian v. Travelers Ins. Co., 784 F.Supp. 1253, 1258 (N.D. Tex. 1992); Powers v. Travelers Ins. Co., 664 F.Supp. 252, 254 (S.D. Miss. 1987) (good faith and fair dealing claims removable) with Walker v. Health Benefit Management Cost Containment, Inc., 860 F.Supp. 1163, 1166 (N.D. Tex. 1994); Almanza v. Transcontinental Ins. Co., 802 F.Supp. 1474, 1477 (N.D. Tex. 1992); Allsup v. Liberty Mutual Ins. Co., 782 F.Supp. 325, 327 (N.D. Tex. 1991); Watson v. Liberty Mutual Fire Ins. Co., 715 F.Supp. 797, 798 (W.D. Tex. 1989) (good faith and fair dealing claims arise under the TWCA and are not removable). In both Allsup and Watson, claims for benefits were removed with good faith and fair dealing claims.  In both cases resolution of the question whether the good faith and fair dealing claims arose under the TWCA was unnecessary because the benefit claim was sufficient alone to defeat removal.  See Allsup, 782 F.Supp. at 328

8

We begin by reiterating a basic rule of this circuit that the "arising under" standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331, which governs federal question jurisdiction.[10] We see that admonition followed by the district court in Almanza v. Transcontinental Ins. Co., a case relied on by the Patins, at least by analogy.[11] The Almanza court reasoned that, inasmuch as proof of a viable workers' compensation claim is an essential element of a claim against the compensation insurance carrier for breach of the duty of good faith and fair dealing, the workers' compensation statute creates the cause of action and the claim arises under that law.[12] The district court reasoned further that placing good faith and fair dealing claims within the scope of § 1445(c) serves the important policy function of allowing courts of the states to vindicate the policies embodied in their workers' compensation schemes.[13]

Travelers distinguishes the situation in Jones v. Roadway

---

n.5 (reserving judgment on issue whether removal of claim alleging breach of duty of good faith and fair dealing alone would have been proper).

[10] Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991) (suit under Texas statute prohibiting discharge and retaliation for filing Workers' Compensation claim arises under TWCA).

[11] Almanza v. Transcontinental Ins. Co., 802 F.Supp. 1477-79.

[12] Id. at 1477 (quoting Jones, 931 F.2d at 1092 ("A suit arises under the law that creates the cause of action.")).

[13] Id. at 1479.

9

Express, Inc.[14] from the circumstances in the good faith and fair dealing cases that reliedSQerroneously, according to TravelersSQon Jones. Travelers correctly observes that the cause of action underlying the retaliatory discharge claim at issue in Jones was created not by Texas common law but by statute, with specific reference to workers' compensation claims.[15]

Historically, workers injured in Texas could not recover more than the statutory remedies contained in the compensation statute.[16] In 1988, however, the Texas Supreme Court recognized an employee's common law cause of action in tort for the breachSQby an employer's workers' compensation insurance carrierSQof the duty of good faith and fair dealing in the mishandling of the employee's compensation benefits claim.[17] Nevertheless, the Texas Supreme Court in Aranda made clear, as have the state appellate courts in the cases that have followed, that good faith and fair dealing claims arise under common law, not under the compensation statute.[18] This is

---

[14] 931 F.2d 1086 (5th Cir. 1991).

[15] See also Haines, 812 F.Supp. at 95 n.1; Bastian, 784 F.Supp. at 1256-57 (distinguishing Jones and retaliatory discharge claims); Jones, 931 F.2d at 1091-92 & n.3.

[16] See Aranda v. Insurance Co. of N. Am., 748 S.W. 2d 210, 213 (Tex. 1988) (disapproving of a number of prior appellate decisions which had held that no duty was owed to the injured worker).

[17] Id.

[18] Aranda, 748 S.W. 2d at 214 (good faith and fair dealing claim permitted only when injured worker can demonstrate that carrier's breach is "separate from the compensation claim and produced an independent injury"); Izaguirre v. Texas Employers' Ins. Ass'n, 749 S.W. 2d 550, 553 (Tex. App.SQCorpus Christi 1988, writ denied) (". . . `bad faith' is a tort independent of the underlying claim for employment injury . . ."); see also

10

consistent with the fact that damages for breach of good faith and fair dealing are not measured by reference to the exclusive remedy provisions of the TWCA.[19]

Even if we were inclined to stop at this point, though, our inquiry could not be deemed complete. For, although state law may create the cause of action and define the claim, federal law governs whenever our consideration involves construction of a removal statute.[20] Those of our federal district courts that have held that bad faith claims do not arise under the state statute have, like the state courts, relied on the independent tort nature of such claims, i.e., that the duty to deal fairly and in good faith is created by the common law, not by the compensation statute.[21] For example, in Warner v. Crumb & Forster Commercial Insurance Co.,[22] the most recent federal case holding that claims for breach of that duty are removable because they do not arise under the TWCA, the district court speculated that "[i]f the Texas legislature were to codify the duty of good faith and fair dealing,

---

Transportation Ins. Co. v. Moriel, 879 S.W. 2d 10, 17 (Tex. 1994); Viles v. Security Nat'l. Ins. Co., 788 S.W. 2d 566, 567 (Tex. 1990) (bad faith claim is separate from claim for breach of underlying contract).

[19] Moriel, 879 S.W. 2d at 17-19.

[20] Jones, 931 F.2d at 1092.

[21] See, e.g., Haines, 812 F.Supp. at 95 (duty of good faith and fair dealing is judicially created common law cause of action); Bastian, 784 F.Supp. at 1256, 1258 (bad faith claims clearly not created or determined by provisions of TWCA); Powers, 664 F.Supp. at 255 (bad faith claim does not arise under Mississippi Workers' Compensation Act).

[22] 839 F.Supp. 436 (N.D. Tex. 1993).

its codification undoubtedly would be with laws pertaining to the obligations of insurers generally, not with worker's compensation laws."[23]  Given the general nature of the duty and the broad spectrum of relationships to which it can apply, the Warner court concluded that good faith and fair dealing claims are only "incidentally related" to the workers' compensation statute and the underlying contract providing compensation benefits.[24]

Walker v. Health Benefit Management Cost Containment, Inc.,[25] is the only published post-Almanza opinion from a district court of this circuit to hold that bad faith claims are not removable.  The Walker court construed § 1445(c) as reflecting a strong Congressional policy to defer to the states in the area of workers' compensation.[26]  In Walker the district court placed great weight on what it characterized as the "almost laughable anomaly" that would be created if the bad faith claim were removable while the claim for benefits, on which it depends, were not.[27]  We're not laughing:  Perhaps on deeper analysis the Walker court too would have perceived the situation to be more serious and less amusing; for, in actuality, these claims are quite often severed at the state level.

Indeed, as most states have enacted expedient and less

---

[23]  Id. at 439 n.5.

[24]  Id. at 439.

[25]  860 F.Supp. 1163 (N.D. Tex. 1994).

[26]  Walker, 860 F.Supp. at 1169-70.

[27]  Id. at 1169.

12

expensive administrative procedures for adjudicating claims of injured workers,[28] we interpret the policy underlying § 1445(c) somewhat differently than did the Walker court. Section 1445(c) was passed to encourage the use of just such administrative procedures and to prevent the undue burden that is placed on the worker when an action is removed to federal court, where such procedures generally do not apply. That underlying policy does not appertain, though, when the cause of action at issue is independent of the administrative procedures applicable to a state workers' compensation claimSQas are claims for breach of the duty of good faith and fair dealing.

Given (1) the cogent analysis of the Texas Supreme Court that claims against insurers "arise under" the common law, not under the TWCA, (2) the foregoing analysis of the purpose of § 1445(c), and (3) the burgeoning administrative treatment of workers' compensation claims in the several states, we conclude that claims for the breach of the duty of good faith and fair dealing do not "arise under" the state workers' compensation statutes but are, at most, "related to" those statutes and thus do not come within the ambit of the non-removability provision of § 1445(c).[29] We therefore affirm the ruling of the district court rejecting the

---

[28] S. Rep. No. 1830, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3106.

[29] This court recently reached the same conclusion in the context of removal and remand of an action instituted by an employee seeking to set aside a compromise settlement agreement (CSA) with the employer's workers' compensation carrier. See Ehler v. St. Paul Fire and Marine Ins. Co., ___ F.3d ___ (5th Cir. 1995).

13

Patins' motion to remove and their more recent motion to reconsider. As this holding confirms the diversity jurisdiction of the district court and sustains the district court's rejection of the removal and remand challenge mounted by the Patins, we turn now to consider the next hurdle that the Patins must clear to prevail, res judicata.

C.  Res Judicata

Recall that Patin initiated three lawsuits in the wake of his work-related accident and employment termination by Allied. In addition to the instant suit against Travelers and to the employment discrimination suit against Allied, the Patins also filed a lawsuit in the state district court in Orange County, Texas, arising out of the Patins' successful (but, in his opinion, undercompensated) claim with the IAB. In the Orange County suit, Patin successfully increased his benefit award against Travelers from $45,091.02 to $75,021.88.

The district court in the instant case concluded that, even though the Patins did not assert the good faith and fair dealing claim against Travelers in their state court suit for compensation benefits, they could have and should have done so. We agree.

In federal court, the preclusive effect of a prior state court judgment is governed by state law.[30] Under Texas law, a prior judgment "precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter

---

[30]  Kurzweg v. Marple, 841 F.2d 635, 639 (5th Cir. 1988).

14

and which might have been litigated in the first suit."[31]

The Patins dispute neither that rule nor its applicability in federal court; instead, they insist that Patin's attempt to amend his pleadings in the employment discrimination suit against Allied immunizes the Patins' claims against Travelers in the instant suit from the doctrine of res judicata. In advancing this theory, the Patins rely on Turner v. Richardson I.S.D..[32] In Turner a state district court held that res judicata did not bar litigation of pendent state law claims over which a federal district court had previously refused to exercise supplemental jurisdiction.[33]

We find Turner inapposite, affording no support for Patin's contention. Regardless of Patin's failed efforts to include the instant good faith and fair dealing claim in his erstwhile discrimination suit against Allied, the Patins clearly made no attempt, either originally or subsequently, to include the breach of good faith and fair dealing claim against Travelers in the state court compensation benefit suit against that insurer; neither is there any showing that the state trial judge denied the Patins the opportunity to bring or add such claims.[34]

---

[31] Getty Oil Co. v. Insurance Co. of N. Am., 845 S.W. 2d 794, 798 (Tex. 1992) (quoting Barr v. Resolution Trust Corp., 837 S.W. 2d 627, 630 (Tex. 1992)), cert. denied sub nom., Youell & Cos. v. Getty Oil Co., ___ U.S. ___, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993).

[32] 885 S.W. 2d 553 (Tex. App.SQDallas 1994, no writ).

[33] Id. at 560.

[34] Tex. R. Civ. P. 51(a) permits joinder of "as many claims either legal or equitable or both as [plaintiff] may have against an opposing party."

In that state court compensation suit against Travelers, the Patins could have included or added claims for breach of that insurer's duty of good faith and fair dealingSQa cause of action that arose from the same subject matter as did their benefits claims, i.e., Travelers' failure or refusal to pay compensation to Patin following his work-related October 1990 accident.[35] Thus, the district court's dismissal of the instant suit as barred by the doctrine of res judicata was correct and is hereby affirmed. As a result, we need not, and therefore do not, reach the question whether the Patins' claims against Travelers are time barred as well.

III

CONCLUSION

The Patins could have brought their claim against Travelers for its alleged breach of the duty of good faith and fair dealing by filing suit in federal district court in the first place. It follows, then, that the Patins' objection that the removal of their state court suit violated § 1445(c) implicates a procedural defect in that removal. As such, their objection was waivable. Nevertheless, the record on appeal demonstrates that the Patins' timelySQif inartfullySQplaced non-removability under § 1445(c) before the district court in their Motion to Remand and again in

_____

[35] The Patins' contention that their bad faith claim did not ripen until they won their compensation suit in state court is simply wrong, and is not supported by Marino v. State Farm Fire & Casualty Ins. Co., 787 S.W. 2d 948 (Tex. 1990). Marino dealt with a cause of action that arose post-judgment and thus could not have been asserted in the prior case, clearly distinguishable from the Patins' situation.

16

their argument at the hearing on that motion.  Thus, they did not waive their right to contest removal on grounds of a violation of § 1445(c).

We hold, however, that the breach of the duty of good faith and fair dealing by a carrier of workers' compensation insurance is an independent tort created bySQand thus "arising under"SQthe common law, and is at most "related to" the workers' compensation laws that create the basic benefit rights of the covered employee and those claiming through him.[36]  Consequently, the non-removability provisions of § 1445(c) are inapplicable to claims grounded in a breach of that duty.  The district court's denial of remand in the instant case was correct.  Also correct was the district court's determination that res judicata bars the Patins' claims based on Travelers' alleged breach of the duty of good faith and fair dealing.

As we affirm the rulings of the district court on both removal and res judicata, we affirm that court's dismissal of the Patins'

---

[36]    Non-retroactive amendments to the Texas Workers' Compensation Statute post-dated the accrual of the Patins' cause of action and thus could not affect the § 1445(c) issue in this case. See Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 10.41 (repealed and codified at Tex. Lab. Code Ann. § 416.001) (providing that certain actions taken by the carrier in reliance on the Commission or the benefit review officer are not actionable for breach of the duty of good faith and fair dealing); and § 416.002 (placing a cap on the quantum of damages recoverable from a compensation carrier on a claim for breach of the duty of good faith and fair dealing).  Even if these amendments had been in effect when the Patins' cause of action accrued, they would not change our conclusion that a cause of action for breach of that duty "arises under" the common law; these statutory amendments at most "relate to" that common law cause of action, and therefore do not affect the § 1445(c) question.

17

claims against Travelers.

AFFIRMED.

DeMOSS, Circuit Judge, dissenting:

I concur with the conclusion reached in Part 2(a) of the majority opinion, which rejects Travelers' contention that the Patins waived their right to insist on remand to state court. However, I am unable to concur with the conclusion reached by the majority in Part 2(b), that claims for breach of the duty of good faith and fair dealing do not "arise under" the state workers' compensation statutes, and thus do not come within the ambit of the nonremovability provision of § 1445(c).

I start with the text of 28 U.S.C. § 1445(c) which reads:

> (c)  A civil action in any State court arising under the workmen's compensation <u>laws</u> of such State may not be removed to any district court of the United States.

(emphasis added.)  The critical error which I believe the majority makes is to read the underlined word "laws" as if it were "statutes".  Section 1445 subparts (a) and (b) both define actions that may not be removed by reference to specific sections in the United States Code.  However, in subsection (c) the Congress used the broad generic term "laws".  The majority opinion recognizes that "the `arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331, which governs federal question jurisdiction;" and cites as precedent **Jones v. Roadway Express, Inc.**, 931 F.2d 1086, 1092 (5th Cir. 1991).  In my view, this cross-reference to § 1331 decides this case.  In interpreting

18

the language of § 1331 which gives district courts original jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States," the Supreme Court has clearly interpreted the word "laws" to include, not only statutory enactments, but also judicial decisions which construe and extend those statutory provisions. See **Illinois v. City of Milwaukee**, 406 U.S. 91, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972) (holding that § 1331 jurisdiction will support claims founded upon federal common law as well as those of statutory origin). Likewise, in another context, the Supreme Court has recognized that the statutory word "laws" includes court decisions for purposes of determining the "state law" to be applied by federal courts. **Erie Railroad Co. v. Tompkins**, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed 2d 1188 (1932). In § 1445(c), Congress used the phrase "arising under the workmen's compensation laws of such State." In my view, that includes both (1) civil actions specified by the state's workers' compensation statute, and (2) civil actions created by the state's Supreme Court which substantially relate to the duties, rights and privileges established by that statute. The Supreme Court of Texas recognized such a civil action in **Aranda v. Insurance Company of North America**, 748 S.W.2d 210 (Tex. 1988), which held:

> (a) that the Texas Workers' Compensation Act sets forth a compensation scheme that is based on a three-party agreement entered into by the employer, the employee and the compensation carrier;
>
> (b) that the constitutionality of the Workers' Compensation Act rests on the contractual nature of this agreement;
>
> (c) that the injured employee is a party to the contract and therefore entitled to recover in that capacity;

(d) that the contract between the compensation carrier and the injured employee creates the same type of special relationship that arises under other insurance contracts; and

(e) that there is a duty on the workers' compensation carrier to deal fairly and in good faith with injured employees in the processing of compensation claims.

**Aranda**, 748 S.W.2d at 212-13. When the Texas Supreme Court so clearly bases its recognition of the right to sue for breach of the duty of good faith and fair dealing on the rights and duties created by the Workers' Compensation Act, then I have no trouble whatsoever in concluding that a claim by an injured employee against the compensation carrier for bad faith in dealing with his claim is one "arising under the workers' compensation <u>laws</u>" of the State of Texas, and is therefore not removable. The majority's cramped and stingy reading of the word "laws", which insists that if you can't find the words "good faith and fair dealing" in the text of the workers' compensation statute then the cause of action does not arise under the "workers' compensation laws," is clearly inconsistent with Supreme Court cases, the Congressional policy reflected in § 1445(c) and our own precedent in **Jones v. Roadway Express**, 931 F.2d at 1092 ("whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one `arising under the workers' compensation laws' for the purpose of § 1445(c)") (alteration in original).

Furthermore, I would point out that the Texas workers' compensation statute was amended in 1989 to include new provisions

that expressly define and limit good faith and fair dealing actions against Texas workers' compensation carriers. These amendments came right on the heels of the Texas Supreme Court decision in **Aranda** and it is significant to me that, contrary to the district court's speculation in **Warner**, the legislature used the workers' compensation statute rather than statutes relating "to the obligations of insurers generally," as the vehicle for implementing these changes. **Warner**, 839 F. Supp. at 439 n.5. One statutory amendment provides that certain actions taken by the carrier in reliance on the Commission or the Benefit Review officer are not actionable for breach of the duty of good faith and fair dealing. Acts 1989, 71st Leg., 2d C.S., ch. 1, § 1041 *repealed and codified*, TEX. LABOR CODE § 416.001. The second provision places a damage cap on good faith and fair dealing actions against compensation carriers. Acts 1989, 71st Leg., 2d C.S., ch. 1, § 1042 *repealed and codified*, TEX. LABOR CODE § 416.002. Because both of these sections became effective June 1, 1991, which was after Patin's original injury, I recognize they do not control the present case. I mention them to point out the strange anomaly that will occur when the majority opinion is applied to workers' injuries occurring after June 1, 1991. In those cases, the compensation carrier will be able to remove any claim for breach of the duty of good faith and fair dealing to federal court, because in the majority's view that claim does not arise under the Texas workers' compensation statute. At the same time, however, the carrier will be entitled to exemptions from liability and limitations on its damage exposure

21

because express provisions have been inserted in the Texas workers' compensation statute giving those protections. The majority's treatment of sections 416.001 and 416.002 in footnote 36 accentuates the stinginess of the majority's interpretation of the word "laws"; and in my view the majority errs in not leaving open for future decisions whether good faith and fair dealing claims based on injuries occurring after the effective date of these sections "arise under" the Texas workers' compensation statutes.

Finally, it seems to me that whether or not a compensation carrier did in fact deal fairly and in good faith with the injured employee is a determination which will be inextricably intertwined with the determination of what the injured employee was entitled to in the way of compensation benefits under the Texas Compensation Act. In **Aranda**, the Texas Supreme Court made this expressly clear by specifying that an injured employee who asserts that a compensation carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish:

> (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy; and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

**Aranda**, 748 S.W.2d at 213. Clearly, the benefits to which an employee may be entitled under the Texas Compensation Act are issues of state law, as to which federal district courts have no background or expertise and have heretofore been prohibited by § 1445(c) from addressing. The majority opinion will now force

opin\94-41150.dis

22

federal district courts in Texas to address the intricacies of the Texas workers' compensation statute as an integral part of resolving a claim of lack of good faith and fair dealing by the compensation carrier after removal from the state court. I think it would be better policy and more efficient judicial management to leave the disposition of the cases brought against the compensation carrier for noncompliance with its duty of fair dealing with the state courts.

I would vacate the judgment of the district court and remand the case to the district court with instructions to remand to the state court from whence it was removed.