# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20717
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

BUDDY TRAHAN

Plaintiff-Appellant

v.

LIBERTY MUTUAL INSURANCE CO.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2927

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Before the court is a dispute regarding whether a workers' compensation insurance carrier is entitled to subrogation following a settlement between a third party and the insurance beneficiary, Buddy Trahan. The issue on appeal is whether Trahan's claims were properly removed from Texas court. Trahan argues that his claims arise under workers' compensation law such that removal is precluded by 28 U.S.C. § 1445(c). The district court rejected his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument, denying a timely motion to remand. That court, however, then dismissed all claims pending the resolution of relevant administrative proceedings.[1] The two orders issued on the same day, and both were rendered without opinion. Because we find that the district court erred in concluding that "this case does not arise under the workers' compensation laws," we reverse the remand denial, vacate the dismissal, and instruct the district court to return the case to the state of Texas.

The permissibility of removal is a question of law that this court reviews *de novo*. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998). "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "Section 1445(c) expresses a public policy favoring the litigation of a civil action arising under the workers' compensation laws of the state in state court." *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 974 (5th Cir. 1993). Therefore, "[b]ecause Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose." *Trevino v. Ramos*, 197 F.3d 777, 781 (5th Cir. 1999) (citation omitted).

Bearing these principles in mind, we turn to Trahan's claims. First, Trahan's complaint lists a series of requests for declaratory judgment:

> Trahan seeks a declaratory judgment against Liberty that: (1) Liberty contractually waived its rights under Texas Labor Code § 417.001, *et. seq.*, to recover from Trahan the amount of benefits it has paid in the past, or a credit against future benefits; (2) that Liberty is not entitled to reimbursement for the payment of medical expenses out of the settlement proceeds recovered by

---

[1] It is unclear whether the court was dismissing the claims outright or issuing a stay pending the outcome of the proceedings. Because the case should have been remanded, we vacate the order irrespective of the court's intent. We do not reach the apparent issue of administrative exhaustion, leaving that question to the state.

No. 13-20717

> Trahan, pursuant to Texas Labor Code § 417.002(a); (3) Liberty is not entitled to a statutory credit for the future payment of medical benefits pursuant to Texas Labor Code § 417.002(b); and (4) Liberty is required to continue paying benefits to Trahan pursuant to applicable Texas Law.

Compl. ¶ 10. These requests revolve around the payment of benefits and the subrogation of the payor, both of which unambiguously arise under Texas workers' compensation law. *See* TEX. LABOR CODE §§ 409 (regarding payment of benefits), 417 (regarding subrogation). It is of no consequence that the dispute is embedded in a declaratory action, as this court does not allow declaratory relief to be used as "an 'end run' around removal procedures and jurisprudence." *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 508 n.24 (5th Cir. 1988). Trahan is asserting paradigmatic workers' compensation claims under Texas law, and removal is therefore improper.

Trahan's only other claim also arises out of Texas workers' compensation law. Trahan pleads a breach of good faith:

> Liberty is liable to Trahan for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code. Liberty's acts and/or omissions were a producing and/or proximate case of Trahan's injuries and damages.

Compl. ¶ 11. For more than two decades, Texas courts recognized an aggrieved beneficiary's allegations of "bad faith" as arising under the Texas Insurance Code and state common law, and not under workers' compensation law. *See* TEX. INS. CODE §§ 541.060, 542.003 (referring to duty of good faith in insurance practices); *Aranda v. Ins. Co. N. Am.*, 748 S.W.2d 210, 212–14 (Tex. 1988) (recognizing independent cause of action under common law), *overruled by Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 433 (Tex. 2012). Accordingly, we allowed removal of such claims. *See generally Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1998). Yet due to subsequent amendments to the Texas Workers' Compensation Act, the statute now expressly addresses the duty of

good faith and fair dealing and specifies the remedy for breach of that duty. *See* TEX. LABOR CODE § 416.002.  Consequently, and as explained in detail by the Texas Supreme Court, claims of bad faith no longer arise outside of the workers' compensation laws.  *See Ruttiger*, 381 S.W.3d 430 at 445–51 (explaining that administrative remedies now afforded by the workers' compensation system have "eliminate[d] the need for a judicially imposed cause of action" and obviated claims brought pursuant to Texas Insurance Code §§ 541.060 and 542.003).  Accordingly, removal of Trahan's claim is precluded by 28 U.S.C. § 1445(c).

We conclude that Trahan has not stated any claim that "is legally distinct from and independent of any claims arising under the Workers' Compensation Act." *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 622 (5th Cir. 2014).  Removal of the case is therefore improper.  Accordingly, the remand denial is REVERSED and the dismissal order is VACATED.  We REMAND with instructions to return the case to the state court from which it was removed.